Taylor *et al. v.* Federal Land Bank of New Orleans.

(Division A.   Jan. 11, 1932.)

[138 So. 596.   No. 29621.]

Dave E. Crawley, of Kosciusko, for appellants.

·J. D. Guyton, of Koscuisko, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, the Federal Land Bank of New Orleans, instituted this suit in the circuit court of Attala county against the appellants, seeking to recover the value of certain timber alleged to have been cut and removed from land on which the appellee held a deed of trust. The declaration alleges that one J. A. Carlisle borrowed from the appellee the sum of three thousand two hundred dol-

lars, and executed to it a deed of trust on certain land and timber to secure the payment thereof; that he afterwards defaulted in the payment of the sum so secured, and the deed of trust was thereupon foreclosed, and the property covered thereby sold for two thousand dollars, leaving a balance of one thousand three hundred twenty-six dollars and forty-two cents due and unpaid. It was further alleged that the appellants, scheming, contriving, and intending to depreciate the security for said indebtedness, entered upon the land covered by the deed of trust, and cut, removed, and converted to their own use timber of the value of one thousand five hundred dollars, and thereby prevented the appellee from realizing the full amount of its loan by foreclosure of the deed of trust. The deed of trust contained a provision obligating the grantor therein to pay all taxes assessed against the land, and further providing that the ''grantor will take good care of said real estate and will not commit waste, nor allow waste to be committed on same, but will cause the same to be worked and cultivated in a proper and farmerlike manner at all times, and that he will not cut nor remove any merchantable timber or improvements from said land, except such timber as may be needed for grantor's ordinary farm purposes, and further, will keep the houses, fences, ditches and other improvements on said land in good condition and repair at all times.''

By proper pleadings and admissions in the evidence, it was shown that the appellants cut and removed one hundred fifty thousand feet of timber, of the value of two dollars per thousand; and that in payment therefor they remitted to the appellee the sum of two hundred eight dollars, to cover an annual installment of principal and interest due the appellee by the said J. A. Carlisle, and applied the balance due for said timber in the payment of taxes due by said Carlisle on said land. At the conclusion of the evidence, the court peremptorily in-

structed the jury to return a verdict for the appellee for three hundred dollars, the value of the timber admittedly cut and removed from the land; and from the verdict and judgment entered in pursuance of this instruction this appeal was prosecuted.

A stranger who enters upon mortgaged land, and cuts and removes timber therefrom without the consent of the mortgagee, and thereby destroys or materially impairs the value of the security, is liable to the mortgagee in an action for the value of the timber so cut and removed; and the burden of showing a material impairment of the security is met by proof that at a foreclosure sale the mortgaged property brought less than the mortgage debt. 41 C. J. 652, par. 641. The measure of damages in such case is the market value of the timber cut and removed, not to exceed the impairment of the security, or the amount of the mortgage debt remaining unpaid after foreclosure. In the case at bar the proof shows that of the market value of the timber cut and removed by the appellants two hundred eight dollars was paid to the mortgagee, and applied in reduction of the indebtedness secured by the mortgage, and to that extent there was no impairment of the security, and the appellants' liability to the appellee was discharged. The remaining ninety-two dollars of the proven market value of the timber was paid to the mortgagor, or in discharge of his liabilities other than the mortgage debt; and to that extent the appellants are liable to account to the mortgagee. The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellee for the sum of ninety-two dollars.

Reversed, and judgment here for appellee.